UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROXANNE LESTER,

      Plaintiff,

v.                                    Case No. 8:15-cv-1192-T-17AEP

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

      Defendant.

_____/

## ORDER

    This cause comes before the Court on Plaintiff Roxanne Lester's response to this Court's Order to Show Cause as to why this action should not be dismissed for want of prosecution given Plaintiff's failure to complete the "Summons in a Civil Case" forms and thereby effect service upon the Commissioner.  Doc. 7.  In her response to the Order to Show Cause, Plaintiff states that she did not know how to proceed due to her inability to find legal representation.  *See* Doc. 8.  Accordingly Plaintiff's response to the Order to Show Cause will also be construed as a Motion to Appoint Counsel.

### A.  Construed Motion to Appoint Counsel

    Under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent any party unable to afford counsel, such as Plaintiff in this case.  Nevertheless, a civil litigant has no absolute right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Instead, the appointment of counsel is a privilege justified only by the existence of exceptional circumstances, such as where the facts and legal issues in the case are so novel or

complex as to require the assistance of a trained practitioner. *Id.* Although no precise definition of what constitutes exceptional circumstances exists, in determining whether to appoint counsel, courts may consider such factors as (1) the type and complexity of the case, (2) whether the pro se litigant is capable of adequately presenting his or her case, (3) whether the pro se litigant is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. *Collins v. Homestead Correctional Inst.*, 452 Fed. App'x 848, 850 (11th Cir. 2011). In the end, the key for a court in determining whether to appoint counsel is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Although Plaintiff has averred that she was "unable to find legal representation," the Court finds that "exceptional circumstances" do not exist in this action warranting the appointment of counsel. The Court finds that this is not a complex case or a case "where the facts and legal issues are so novel as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). As such, Plaintiff should be able to adequately represent herself.

The Court encourages Plaintiff to locate and contact organizations which provide free or reduced-fee legal services, such as the Federal Bar Association.[1]

---

[1] Plaintiff may consider completing a pro bono request with the Tampa Bay Chapter of the Federal Bar Association should Plaintiff desire the assistance of the Federal Bar Association with the prosecution of this action. The request form can be found and completed at http://federalbartampa.org/pro-bono/.

**B. Response to Order to Show Cause**

On May 20, 2015, the Court granted Plaintiff's request to proceed *in forma pauperis* in this action. Doc. 5. Pursuant to that Order, Plaintiff was directed to complete and return the "Summons in a Civil Case" forms to the Clerk's Office within twenty-one days of the date of the Order. As of today, Plaintiff failed to properly complete and return the forms. As a result, Plaintiff also failed to timely serve the Commissioner of Social Security (the "Commissioner"). *See* Fed. R. Civ. P. 4(m). Despite Plaintiff's inability to retain counsel, she still must complete these forms to proceed in this action. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Construed Motion to Appoint Counsel is DENIED. Should Plaintiff wish to prosecute this action, she is directed to proceed *pro se*.

2. On or before March 4, 2016, Plaintiff must complete and return the "Summons in a Civil Case" forms to the Clerk's Office. Failure to do so will result in dismissal with prejudice of this action.

DONE AND ORDERED in Tampa, Florida, on this 4th day of February, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Plaintiff, *pro se*